UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JAMES A. NEWSON,**
          Petitioner,

    v.                                           Case No. 06-C-393

**WARDEN GERALD A. BERGE,**
          Respondent.

---

### ORDER DENYING PETITIONER'S MOTION TO HOLD PETITION IN ABEYANCE AND ORDER DENYING PETITION FOR HABEAS CORPUS ON ITS MERITS

---

James A. Newson ("Newson") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. Proceeding pro se, he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

When Newson submitted his initial petition, he failed to use the Eastern District of Wisconsin Local Form entitled "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody." Because it was unclear whether he had exhausted his state remedies, Newson was ordered to file an amended petition using the form. Newson submitted an amended petition along with a motion to hold the petition in abeyance as he pursued state remedies, but he again failed to use the local form. However, he submitted the decision of the Wisconsin Court of Appeals and provided additional information that sufficiently clarified Newson's petition. From a review of the petition, the court could not say that it appeared that Newson was plainly not entitled to relief, and therefore, the respondent was ordered to answer the petition.

On July 24, 2006 the respondent answered the petition and on July 27, 2006, Newson submitted a reply brief. On August 1, 2006, Newson again filed a motion requesting that court hold his petition in abeyance as he exhausted state court remedies.

## STAY AND ABEYANCE

"[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277 (2005). Here, Newson provides no explanation for his failure to exhaust state remedies. Therefore, Newson's requests to hold his petition in abeyance shall be denied.

Additionally, it is unclear what claims Newson intends to exhaust in state court. Newson raises the single issue of ineffective assistance of counsel in his amended petition. However, in Newson's original petition, he had raised the issue that the evidence was insufficient to prove constructive possession of the cocaine seized from the van. The court need not consider if Newson's failure to raise this claim in his amended petition constituted a waiver of the claim because Newson failed to raise this issue in his petition for review by the Wisconsin Supreme Court. When a petitioner fails to raise an issue in a petition for discretionary review, the petitioner has procedurally defaulted the opportunity to argue that issue in a habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1999); Engle v. Isaac, 456 U.S. 107, 125-26 (1982)).

The single issue raised in Newson's amended petition is that his trial counsel was ineffective because he failed to file a motion to suppress the evidence seized from a van. Included in Newson's petition and Newson's reply is a substantial discussion about whether or not the evidence should have been suppressed. This discussion is relevant because, as the Wisconsin Court of Appeals

2

pointed out in its rejection of Newson's arguments, Newson was denied effective assistance of counsel only if the outcome would have been different had the attorney pursued a motion to suppress. The court of appeals held that Newson was not denied effective assistance of counsel because Newson had disclaimed ownership of the van, thereby defeating any expectation of privacy he may have had, and thus a motion to suppress would not have been successful. State v. Newson, 2005 WI App 38 ¶¶ 11, 14 (Jan. 25, 2006) (unpublished).

In his appeal to the Wisconsin Court of Appeals, Newson also argued that the evidence was insufficient to establish actual or constructive possession. The court rejected this argument and concluded that based upon the facts that the informant set up a drug transaction with a person who identified himself as Newson and said he would be driving a white van, a white van of the same description as the one from which the officers recovered the cocaine was seen at the location agreed upon for the drug transaction, that Newson had the key to the van's ignition, that a letter addressed to Newson was found on top of the cocaine in the van, and Newson had on his person when arrested the cell phone that the informant had called, there was sufficient evidence to permit the jury to reasonably infer that Newson had constructive possession of the cocaine. Id. at ¶¶ 17-21. Newson does not raise the issue of sufficiency of the evidence here.

In his petition to the Wisconsin Supreme Court, Newson raised a single issue. Newson argued that his statements that the police interpreted as a disclaimer of ownership in the van were insufficient to defeat his expectation of privacy regarding the contents of the van. Newson makes only cursory reference to his claim of ineffective assistance of counsel. The Wisconsin Supreme Court denied discretionary review.

In his habeas petition, Newson engages in a substantial discussion of whether or not the search of the van was permissible under the Fourth Amendment. Because Fourth Amendment issues are not cognizable in a federal habeas petition, Stone v. Powell, 428 U.S. 465, 494 (1976),

3

the court assumes that Newson provides this discussion to support his argument that counsel was ineffective. Therefore, Newson's habeas petition presents the single issue of ineffective assistance of counsel. Newson has exhausted his state court remedies regarding this claim and therefore it is appropriately before this court. There are no unexhausted issues in Newson's petition and therefore no reason for this court to grant a stay. Therefore, the court shall resolve Newson's petition on its merits.

**STANDARDS OF REVIEW**

Where the state court adjudicates the merits of a petitioner's claim, this court may grant habeas corpus relief if the state court decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the Supreme Court explained in Williams v. Taylor, § 2254(d)(1) establishes two independent grounds on which a federal court can grant habeas corpus relief: (1) if a state court decision is "contrary to" clearly established federal law, as determined by the Supreme Court, or (2) if a state court decision involves an "unreasonable application" of clearly established federal law, as determined by the Supreme Court. 529 U.S. 362, 404-05 (2000); see also Washington v. Smith, 219 F.3d 620, 627-28 (7th Cir.2000). The "contrary to" standard requires a state court decision to be "substantially different from the relevant precedent of [the Supreme Court]." Williams, 529 U.S. at 405. For example, a state court decision applying a rule that contradicts the governing law set forth by the Supreme Court would qualify, as would a decision that involves a set of facts materially indistinguishable from a Supreme Court case that arrives at a different result. Id. at 405-06. By contrast, a state court decision that draws from Supreme Court precedent the correct legal rule and

4

applies it in a factually distinguishable situation will not satisfy the "contrary to" standard, no matter how misguided the decision's ultimate conclusion. Id. at 406-07.

Under the "unreasonable application" prong of (d)(1), relief may be granted if the petitioner shows that, despite identifying the correct rule of law, the state court unreasonably applied it to the facts of the case. Williams, 529 U.S. at 404. An unreasonable application of federal law, however, is different from the incorrect or erroneous application of federal law. Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001) (citing Williams, 529 U.S. at 410). A federal court simply disagreeing with the state court decision does not warrant habeas relief-the decision's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

Under section 2254(d)(2), relief may be had where the petitioner demonstrates that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Here again, an unreasonable determination is more than a determination that is simply incorrect or erroneous. Moreover, state court factual determinations are presumed correct, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing evidence." § 2254(e)(1). Rice v. Collins, --- U.S. ---, 126 S.Ct. 969, 974 (2006) (citing Miller-El v. Dretke, 545 U.S. ----, ----, 125 S.Ct. 2317, 2325 (2005)).

And finally, if the petitioner demonstrates constitutional error under section 2254(d), he still may not be entitled to habeas relief where such error is deemed harmless; that is, the error could not have had a substantial and injurious effect or influence on the jury's verdict. O'Neal v. McAninch, 513 U.S. 432, 436 (1995) (internal citations omitted).

With the § 2254(d) and (e)(1) standards in mind, the court will now turn to the issue raised by Newson.

5

## ANALYSIS

Newson alleges that his trial counsel was ineffective because he chose not to file a motion to suppress the evidence seized from the van that the officers believed Newson had been driving. The court of appeals rejected this argument finding that Newson's counsel could not have been ineffective because the motion would not have been successful. The following relevant facts are set forth in the court of appeals' opinion:

> On December 11, 2001, Milwaukee Police Officer Mitchell Ward met with an informant who provided information about Newson. The informant made several calls to Newson to set up a drug deal for four and one-half ounces of crack cocaine. The details of the transaction were arranged over the phone and the ultimate exchange was to occur at the intersection of Sherman Boulevard and Burleigh Street. The officers were told the dealer would be driving a white van.
> At the specified location and designated time, the officers spotted two white vans at a gas station. One was being filled up with gas by an older man whom the officers knew from prior contact was not Newson. The second one drove off and was followed by other officers. Those officers lost contact with the vehicle momentarily and then located it parked at 4220 West Bonny Place.
> Meanwhile, Ward and his partner, Officer Bodo Gavejic, noticed Newson walking on the sidewalk towards the gas station from the direction of Bonny Place. Ward exited his car to speak with Newson. He patted Newson down and asked him where he parked his van. Newson replied, "What van?" and indicated he had not been driving a van. Ward asked Newson if he was carrying any keys; Newson produced a set of keys and gave them to Gavejic.
> Gavejic went to the location of the white van and tried to unlock the driver's door with Newson's keys, but could not. He then tried the passenger door, which was unlocked. Gavejic tried to start the vehicle with one of Newson's keys, and the vehicle started. Gavejic noticed a strong smell of cocaine in the vehicle and 107 grams of cocaine were discovered in the compartment between the driver and passenger seats. A letter addressed to Newson was also in that compartment. The cocaine was located directly under the letter.
> Newson was charged as noted and the case was presented to the jury. The jury found him guilty on all charges and he was sentenced. Newson then filed a postconviction motion alleging that his trial counsel provided ineffective assistance for failing to file a motion seeking to suppress the evidence based on an illegal search. The trial court denied the motion. Newson now appeals.

<u>Newson</u>, 2005 WI App 38 ¶¶ 2-5.

The court of appeals held that Newson could not show that a motion to suppress would have been successful because he could not show that he "had a legitimate, justifiable or reasonable expectation of privacy that was invaded by the government action." Newson, 2005 WI App 38 ¶ 12 (quoting State v. Rewolinski, 159 Wis. 2d 1, 12, 464 N.W.2d 401 (1990). Specifically, Newson had disclaimed ownership in the van when he responded to the officers' questions as to whether he had been operating a van by saying, "What van? I wasn't driving a van." Newson, 2005 WI App 38 ¶ 13.

To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that the Wisconsin courts' decision was either contrary to, or the based on an unreasonable application of, federal law. Williams v. Davis, 301 F.3d 625, 631 (7th Cir. 2002)(applying § 2254(d)(1) standards). The applicable federal law governing ineffective assistance claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires the petitioner to show (1) his attorney's performance fell below an objective standard of reasonableness, and (2) the deficient performance caused him prejudice. 466 U.S. at 687-88 (1984); Roche v. Davis, 291 F.3d 473, 481-82 (7th Cir.2002); Montenegro v. United States, 248 F.3d 585, 590 (7th Cir. 2001). Courts review counsel's performance under the first prong deferentially, presuming reasonable judgment unless the factual record rebuts such a presumption. See Strickland, 466 U.S. at 689; Matheney v. Anderson, 253 F.3d 1025, 1039 (7th Cir.2001).

With regard to the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 689; Matheney, 253 F.3d at 1039-40. If the court finds that the counsel's alleged deficiency did not prejudice the defendant, under the second prong, the court does not need to consider the first prong of the Strickland test. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003).

7

In the present case, the Wisconsin Court of Appeals held that Newon failed to satisfy either element for the same reason. Newson's counsel was not ineffective by choosing not to file a motion because it would not have been successful and Newson could not show he was prejudiced by his attorney's decision not to file a motion to suppress because such a motion would not have been successful.

This court cannot say that the decision of the Wisconsin Court of Appeals was either contrary to, or the based on an unreasonable application of, federal law. When Newson stated that he did not know about a van and indicated that he had not been driving a van, he forfeited any reasonable expectation of privacy that he may have previously had in the van. A person does not have a reasonable expectation of privacy in property he has abandoned. See, e.g., California v. Hodari D., 499 U.S. 621, 629 (1991). Because the facts indicate that Newson did not have a reasonable expectation of privacy in the van, a motion to suppress would not have been successful. Therefore, Newson's attorney could not have been ineffective for failing to file such a motion.

**IT IS THEREFORE ORDERED** that Newson's motion to hold his petition in abeyance is **denied**.

**IT IS FURTHER ORDERED** that Newson's the petition for a writ of habeas corpus is **denied** and this case is **dismissed** on its merits.

Dated at Milwaukee, Wisconsin, this 17th day of August, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge