UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JAMES A. NEWSON,**
        Petitioner,

v.                 Case No. 06-C-393

**WARDEN GERALD A. BERGE,**
        Respondent.

**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY**

On April 3, 2006, proceeding pro se, James A. Newson ("Newson"), a person incarcerated pursuant to a Wisconsin state court judgment, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following this court's screening Newson's petition pursuant to Rule 4 of the Rules Governing Section 2254 cases, the respondent was ordered to answer the petition. On July 24, 2006 the respondent answered the petition and on July 27, 2006, Newson submitted a reply brief. On August 1, 2006, Newson again filed a motion requesting that court hold his petition in abeyance as he exhausted state court remedies. On August 17, 2006, this court denied Newson's motion to hold his petition in abeyance and denied Newson's petition on its merits. On August 28, 2006, Newson filed a request for a certificate of appealability ("COA").

Before he may proceed on appeal, the petitioner must receive a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). To obtain a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Newson argues that jurists of reason could disagree as to whether or not the statements that he made to the police would constitute a disclaimer of ownership of a van. However, whether or not Newson had in fact disclaimed ownership was not central to Newson's habeas petition or this court's decision. Newson sought habeas relief on the basis that his trial counsel was ineffective for failing to challenge the search of the van. Therefore, the issue presented in Newson's habeas petition was whether the Wisconsin Court of Appeals' decision that Newson's trial attorney was not ineffective was clearly contrary to or, or involved an unreasonable application of, federal law as determined by the United States Supreme Court. Thus, a COA may be issued only if this court determines that jurists of reason could disagree over whether the Wisconsin Court of Appeals' decision was clearly contrary to, or involved an unreasonable application of federal law. This court does not believe that this question is debatable among jurists of reason and therefore Newson's request for a COA shall be denied.

Newson also seeks a COA regarding this court's decision rejecting Newson's request to hold Newson's petition in abeyance while he exhausted remedies in state court. Newson argues that jurists of reason could disagree as to whether Newson demonstrated good cause for his failure to exhaust state remedies. However, as pointed out in this court's decision, Newson provided no reason for his failure. Given that no reason was provided, there is no possibility that jurists of reason could debate as to whether or not there was good cause for Newson's failure to exhaust state remedies prior to filing this federal habeas petition.

**IT IS THEREFORE ORDERED** that Newson's request for a certificate of appealability is **denied**.

Dated at Milwaukee, Wisconsin, this <u>6th</u> day of October, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge
